IN THE SUPERIOR COURT OF GUAM



FILED
SUPERIOR COURT
OF ...

2014 APR -7 PM 2:20

CLERK OF COURT
BY:_____

| | |
|---|---|
| PEOPLE OF GUAM | CRIMINAL CASE NO. CM970-13 |
| vs. | DECISION AND ORDER<br>(Defendant's Motion to Dismiss<br>Under *People v. Rasauo*) |
| GEORGINA M.C. CHARFAUROS,<br><br>Defendant. | |

## INTRODUCTION

This matter came before the Honorable Anita A. Sukola on March 26, 2014, on Georgina M.C. Charfauros' ("Defendant") Motion to Dismiss under *People v. Rasauo*. Assistant Public Defender William B. Jones represented Defendant. Assistant Attorney General James L.G. Stake appeared on behalf of the People of Guam ("the People"). The parties submitted the motion on their respective briefs. Following the hearing, the Court took the matter under advisement. Upon review of the written arguments and legal authorities presented by both parties, the Court issues its Decision and Order **DENYING** Defendant's motion.

## BACKGROUND

Defendant is charged in a Superior Court of Guam Complaint with Vehicle Without Identification (As a Misdemeanor). *Complaint* (Nov. 18, 2013). The Complaint arises from a "crash involving a green 1992 Nissan Sentra on or about March 20, 2013." *Id.* When police responded, the driver who was later identified as the Defendant did not have a driver's license. *Id.* "Police noticed that the license plate on the vehicle did not match the registration provided." *Id.* Defendant stated that she did not know how the plates ended up on the vehicle.

*People v. Georgina M.C. Charfauros (CM970-13)*
Decision and Order – Defendant's Motion to Dismiss Under *People v. Rasauo*

Page 1 of 6


**ORIGINAL**

The Complaint was filed with the Superior Court of Guam on November 18, 2013. Summons was issued on December 11, 2013. On January 8, 2014, Defendant appeared for an arraignment without counsel. *See Super. Ct. of Guam Minute Entry Log No. 102515* (Jan. 8, 2014). Consequently, Magistrate Judge Alberto E. Tolentino continued arraignment for January 22, 2014. Likewise, Defendant was released on $1,000 unsecured personal recognizance bond. On January 22, 2014, Defendant appeared with Assistant Public Defender Raymond B. Ilagan for an arraignment and entered a plea of not guilty. *See Super. Ct. of Guam Minute Entry Log No. 101900* (Jan. 22, 2014). Defendant waived speedy trial and demanded jury trial of six. *Id.*

The instant case was assigned to this Court on January 24, 2014. On March 12, 2014, Defendant filed a Motion to Dismiss under *People v. Rasauo*. The People object to dismissal of the case and filed their opposition on March 17, 2014. The Court set a motion hearing for March 26, 2014 and took the matter under advisement.

## DISCUSSION

Defendant moves the Court to dismiss the case at bar pursuant to *People v. Rasauo*. Defendant argues that her arraignment date, or Notice to Appear was not given to her. Moreover, Defendant argues that "[t]he Complaint was filed on November 6, 2013 and arraignment was on January 22, 2014." *Def.'s Mot. to Dismiss under People v. Rasauo* at 2 Mar. 12, 2014). As a result of those dates mentioned, Defendant contends that she was arraigned beyond 60 days after the Complaint was filed.

The People oppose Defendant's motion and argue that it "does not rest on an accurate procedural history." *People's Opp'n Mot.* at 2 (Mar. 17, 2014). The People also argue that "a brief continuance between a first appearance and completed arraignment for the defendant to

consult an attorney before being arraigned is excused for good cause in the *Rasauo II* calculus under the case of *People v. Singeo*, 2012 Guam 27." *Id.*

"An arraignment is the first or preliminary step in the progress of a trial and occurs in the early stages of the proceedings." *People v. Julian*, 2012 Guam 26 ¶ 20. "At arraignment, a defendant is read the charges of the complaint, called to answer the accusation contained in the complaint, and is provided a copy of the complaint before taking a plea." *Id.* (citing 8 GCA § 60.10(b)).

> Guam law relative to arraignments provides:
>
> (a) The defendant shall be arraigned **promptly** *after the indictment or information is filed or after the complaint is filed where prosecution by complaint is required by § 1.15.*
> (b) Arraignment shall be conducted in open court and shall consist of reading the indictment, information or complaint to the defendant or stating to him the substance of the charge and calling on him to plead thereto. The defendant shall be given a copy of the indictment, information or complaint before he is called upon to plead.

8 GCA § 60.10 (emphasis added).

The Supreme Court of Guam held that "unless good cause is shown, a Complaint shall be dismissed where a defendant is not promptly arraigned within 60 days of the filing of the Complaint." See *People v. Rasauo*, 2011 Guam 14 ¶ 14 ("Rasauo II"). *Rasauo II* also holds that "compliance with this new standard continues to require a case by case analysis of whether or not the specific circumstances of any given case show good cause for delay beyond the 60 day period normally required to comply with law." *Rasauo II* ¶ 14. "Under 8 GCA § 80.60, the term good cause is not statutorily defined." *People v. Julian*, 2012 Guam 26 ¶ 21. "Rather, good cause is defined through case law and determined by the facts and circumstances of each case." *Id.* The holding in *Rasauo II* is designed to provide a baseline standard, and not bind the

hands of the trial court in cases where deviation from this baseline is judged to be appropriate. *Rasauo II* ¶ 14.

In the present case, the Complaint was stamp filed with the Superior Court of Guam on November 18, 2013. The People point out that Defendant's procedural history provided in her moving papers are inaccurate.[1] The Court agrees with the People and finds that the Complaint was stamp filed on November 18, 2013, and Defendant incorrectly cites to an earlier date in time. Defendant was arraigned on January 22, 2014, where she entered a plea of not guilty. A total sixty five (65) days passed between the filing of the Complaint and Defendant's completed arraignment. *On its face, the time period between Complaint and arraignment is violative of the sixty day rule announced in Rasauo II.* However, "[t]he scheduling of [a] hearing past sixty days does not automatically violate prompt arraignment under 8 GCA § 60.10(a) and [the Supreme C]ourt's holding in *Rasauo II* because good cause may still exist for the delay in not arraigning a defendant within sixty days from the filing of the complaint." *People v. Julian,* 2012 Guam 26 ¶ 28.

The Court recognizes that Guam law requires that a summons shall issue upon filing of the criminal complaint. The specific statutory provision reads as follows:

> (a) If it appears from the complaint and the affidavits filed therewith that there is probable cause to believe that an offense has been committed and that the defendant has committed it, the judge **shall issue a summons** for the appearance of the defendant.

8 GCA § 15.20(a) (2005) (emphasis added).

Here, the Court finds that a summons issued on December 11, 2013, ordering Defendant to appear before the Magistrate Judge on January 8, 2014. However, the record is devoid of information relative to it being served on Defendant. In other cases reviewed by this Court, an

---

[1] Defendant cites in her moving papers that the Complaint was filed on November 6, 2013.

*People v. Georgina M.C. Charfauros (CM970-13)*
Decision and Order – Defendant's Motion to Dismiss Under *People v. Rasauo*

Page 4 of 6

Affidavit of Non-Service of Summons filed by our Marshals assists the Court in determining whether or not reasonable efforts were made to locate the Defendant. "In view of the difficulty of locating people in a modern society and the difficulty of proving that a defendant has been intentionally avoiding apprehension, [the lack of good faith and due diligence standard] would place an impossible burden on law enforcement and result in the dismissal of numerous cases." *State v. Greenwood*, 845 P.2d 971, 979 (Wash. 1993). Hence, where law enforcement agents demonstrate "due diligence" in attempting to contact a defendant but are unable to do so, those defendants do not accrue the benefits of the running of timing rules during periods where they are out of contact with the criminal justice system. *Id.* Here, there is no basis for the Court to make such a finding absent any Affidavit of Non-Service filed relative to a summons being issued upon the filing of the Complaint. Moreover, the Court also finds that Defendant has a prior criminal history within the court system and this Court agrees with her that her contact information was stored by the Probation Division and that it did not change. Nevertheless, Defendant still appeared in court on January 8, 2014 for a scheduled arraignment, regardless whether she was served with a formal summons.

The Court finds that the timeframe from complaint to arraignment exceeds the sixty day rule pronounced in *Rasauo II*. However, the Court also finds that the initial arraignment date would have been well within sixty days and Defendant was present on January 8, 2014. The five days outside of the baseline rule for arraigning defendants was due to good cause. The Magistrate Court continued the arraignment in order to allow Defendant an opportunity to consult legal counsel. The Supreme Court of Guam has ruled that a brief continuance between first appearance and completed arraignment for the defendant to consult an attorney before being arraigned is excused for good cause. *See People v. Singeo*, 2012 Guam 27. In *Singeo*,

twenty eight days beyond the ~~baseline~~ rule had passed from complaint to arraignment. Here, there is only five days that have passed for the very same reason.

For the reasons above, the Court **DENIES** Defendant's motion.

## CONCLUSION

By preponderance of the evidence and based on the foregoing reasons, the Court **DENIES** Defendant's Motion to Dismiss under *People v. Rasauo.*

Further Proceedings is scheduled for _4/16/14_ at _100 .m_ .

**SO ORDERED** this _7_ day of APRIL, 2014.

HONORABLE ANITA A. SUKOLA
Judge, Superior Court of Guam

**SERVICE VIA COURT BOX**

I acknowledge that a copy of the original hereto was placed in the court box of:

AG / PDSC

APR 7 2014 Date: ___ Time: 225 PM

Deputy Clerk, Superior Court of Guam

*People v. Georgina M.C. Charfauros (CM970-13)*
Decision and Order – Defendant's Motion to Dismiss Under *People v. Rasauo*

Page 6 of 6